IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**VIRGINIA JOHNSON-GRUVER,**  **PLAINTIFFS**
**Individually and on behalf of others similarly situated**

v. Case No. 3:22-cv-00047-KGB

**VERCY L.L.C.** **DEFENDANT**

## ORDER

Before the Court is plaintiff Virginia Johnson-Gruver's motion to compel discovery (Dkt. No. 14). This case involves a putative class action alleging that defendant Vercy, L.L.C. violated the Telephone Consumer Protection Act by making pre-recorded calls to Ms. Johnson-Gruver and others (*Id.*, ¶ 1). Ms. Johnson-Gruver provided defendant with a notice of deposition on December 8, 2022, for a deposition scheduled in January 2023 (*Id.*, ¶ 4). Based on the notice, Ms. Johnson-Gruver sought to depose "the individual that oversaw the Defendant's lead generation and telemarketing efforts." (Dkt. No. 14-1, at 1). Ms. Johnson-Gruver then agreed to continue that deposition to March 1, 2023, in furtherance of the parties' settlement negotiations (Dkt. No. 14, ¶ 5). The parties did not reach a settlement of the case, and Vercy failed to appear for the noticed deposition on the March 1, 2023, date Ms. Johnson-Gruver represents the parties agreed upon (*Id.*, ¶ 7). Ms. Johnson-Gruver now requests that Vercy be compelled to appear for its deposition, and she seeks sanctions as well as reasonable expenses for Vercy's failure to appear (*Id.*, ¶¶ 7, 8). Ms. Johnson-Gruver conferred with counsel for Vercy on March, 23, 2023, before filing this motion (*Id.*, at 3). Vercy has not opposed the motion or responded in any way.

The Court grants Ms. Johnson-Gruver's motion to compel (Dkt. No. 14). The Court directs Vercy to produce for deposition a witness as required by the notice issued by Ms. Johnson-Gruver

at a date to be mutually agreed upon by counsel for the parties (Dkt. No. 14-1). Counsel have 30 days to agree upon a date for the deposition and to inform the Court in a written filing of their agreement; the deposition itself may be scheduled to occur on a date more than 30 days from the entry of this Order.

Ms. Johnson-Gruver also requests sanctions for Vercy's failure to appear. A party's failure to attend a properly noticed deposition constitutes ground for sanctions. *See* Fed. R. Civ. P. 37(d)(1)(A)(i). A court may also require the party failing to attend the deposition, "the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The decision to award sanctions pursuant to Federal Rule of Civil Procedure 37(d), and the type of sanctions to be awarded for a party's failure to attend a deposition, are matters within the Court's discretion. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

Ms. Johnson-Gruver has not requested any specific sanction and instead lists in her motion a variety of possible sanctions drawn from Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi) and 37(d)(3). At this stage in the litigation, the Court denies without prejudice Ms. Johnson-Gruver's request for sanctions based on Vercy's failure to appear for this deposition. Ms. Johnson-Gruver may refile her request for sanctions based on Vercy's failure to appear for the March 1, 2023, deposition, seeking specific sanctions and informing the Court of the circumstances that support her request.

It is so ordered this 12th day of December, 2023.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge